Feoessel, J.
(dissenting). I dissent and vote to reverse. Notwithstanding the provisions of sections 199 and 1493 of the Civil Practice Act and rule 36 of the Rules of Civil Practice, the county has the right to be heard, as it was in this case on its own application. In criminal matters, the county is represented by the district attorney.
This is a civil matter, a matrimonial action in which a husband may be charged with “ any sum or sums of money necessary to enable the wife to carry on or defend the action”. (Civ. Prac. Act, § 1169.) In many cases, both the husband and wife would be quite willing to shift the financial responsibility of obtaining the trial minutes away from themselves and over to the county. The county is entitled to the opportunity of contesting the alleged plea of poverty, so that it might not violate the provisions of section 1 of article VIII of the New York State Constitution.
In this case, the undisputed evidence is that the parties jointly owned a piece of unencumbered real estate of the value of $5,000. This is not unavailable property (Civ. Prac. Act, *126 § 199). To compel the county to'pay for two copies of the minutes in such a case is in my opinion an abuse of discretion as a matter of law.
Conway, Ch. J., Desmond, Fuld and Van Voorhis, JJ., concur with Dye, J.; Froessel, J., dissents in an opinion in which Burke, J., concurs.
Order affirmed.